and obviously the only financially responsible defendant is not justified by the record and is so patently unfair as to suggest that the jury gave something less than impartial treatment to the rights of the corporate defendant. The strong improbability of any actual negligence by the operator of the truck in stopping it where he did, and the nature of the result reached require that, in the interests of impartial administration of justice, this verdict should be set aside and a new trial had.

Order setting aside the verdict and directing a new trial should be affirmed.

In the Matter of Claim for Benefits under Article 18 of the Labor Law, Made by IVAN PILLIG, NEIL NASSO and FIORE FURIANI, Claimants. FRIEDA S. MILLER, as Industrial Commissioner, Appellant; BIGELOW-SANFORD CARPET CO., INC., Employer, Respondent.— Decision affirmed, with costs against the Industrial Commissioner, on the authority of *Matter of Sadowski* [*ante*, p. 529], decided herewith. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur.

In the Matter of the Petition of NEW YORK WATER SERVICE CORPORATION, Petitioner, for an Order Directed to the WATER POWER AND CONTROL COMMISSION OF THE DEPARTMENT OF CONSERVATION OF THE STATE OF NEW YORK, Re Water Supply Application No. 1285, Respondent. COUNTY OF NASSAU, Objector, and COUNTY OF SUFFOLK, Intervenor, Respondents.— This is a review pursuant to article 78 of the Civil Practice Act of a decision and determination by the Water Power and Control Commission of the Department of Conservation of the State of New York upon Water Supply Application No. 1285, denying temporary authorization to use underground water for domestic purposes in the Woodhaven section of Queens county. Petitioner applied for approval of its proposed construction and temporary operation of three gravelled wells, each having a capacity of two million gallons daily in the Woodhaven Plant. This cause was submitted at the time of the argument of Matter of the Petition of New York Water Service Corporation, petitioner, for an order directed to the Water Power and Control Commission of the Department of Conservation of the State of New York, re Water Supply Application No. 1286, respondent. The questions presented for determination are the same in both cases. The decision of the Water Power and Control Commission is annulled, with fifty dollars costs and disbursements to appellant, and the matter is remitted to the Commission for further action on the authority of the companion case decided herewith. [See *ante*, p. 590.] Crapser and Heffernan, JJ., concur; Bliss, J., concurs in the result and votes to remit on the same grounds stated in the companion case decided herewith; Hill, P. J., dissents on the same grounds stated in the companion case decided herewith. [See *ante*, p. 596.]

FIRST NATIONAL BANK OF NUTLEY, N. J., and Others, Respondents, v. COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant; CENTRAL FOUNDRY COMPANY OF NEW YORK, and Others, Defendants. (Appeal No. 1.) — Order affirmed, on the authority of *Matter of Commercial Casualty Insurance Company v. Tremaine* [*ante*, p. 536], decided herewith; with ten dollars costs and disbursements; each respondent to be paid his printing disbursements. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur.

FIRST NATIONAL BANK OF NUTLEY, N. J., and Others, Respondents, v. COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant; CENTRAL FOUNDRY COMPANY OF NEW YORK, and Others, Defendants. (Appeal No. 2.) — Order affirmed,

on the authority of *Matter of Commercial Casualty Insurance Company* v. *Tremaine* [*ante*, p. 536], decided herewith; with ten dollars costs and disbursements; each respondent to be paid his printing disbursements. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur.

ARTHUR STROUGH and Others, Comprising the Mayor and the Board of Trustees of the Village of Canastota, New York, and CARL WEIMER and Others, Constituting the Water Commissioners of the Village of Canastota, New York, Appellants, v. FRED CONLEY and Others, Appellants; WILLIAM RYAN and JAMES RYAN and BESSIE M. BUTTON, as Successors in the Title of EDWIN BULL and SMITH CADY, of the Town of Sullivan, Madison County, New York, S. PERRY SMITH and ELLEN T. SMITH of Morrisville, New York, ROMAIN D. BUTTON and EMMA F. BUTTON, of the Town of Sullivan, New York, Respondents.— Defendants-appellants Conley and defendants Ryan have recovered judgments upon a counter-claim interposed wherein it was alleged that the appellant village failed to carry out the terms of a contract whereunder water was to be furnished to the two farms owned by the defendants. The defendants Conley appeal from the judgment upon the ground of inadequacy. All the issues, except the amount of damage done certain defendants and for which counterclaims were interposed, have been determined by this court. (251 App. Div. 487.) Under the former decision, the appellant village, during the past fifty years, has been and now is, required to maintain water pipes from the reservoir into which certain streams drain, to the farm buildings and premises of the defendants Conley and Ryan. It has been determined by the trial court that defendants Conley are entitled to damages of $1,000 for breach of contract to provide water for the six years immediately preceding the commencement of this action, and to the date of the trial, and the defendants Ryan to damages of $350 for a like period. This finding is sustained by the evidence. The claim for additional damages made by the defendants Conley for diminution in the amount of milk produced from the dairy was determined by the trial court to be too speculative and conjectural. We agree in that determination. Judgments affirmed, with costs. Hill, P. J., Crapser and Heffernan, JJ., concur; Bliss, J., dissents.

LETITIA PLACE, as Administratrix, etc., of HARVEY G. PLACE, Deceased, Appellant, v. FRANK V. SUTLAND (and F. V. SUTLAND, DENTIST, INC., Impleaded), Respondent.— Action for malpractice. An issue of fact was presented for determination by the jury. Judgment and order reversed, on the law and facts, with costs, and new trial granted. Hill, P. J., Bliss and Heffernan, JJ., concur; Crapser, J., dissents and votes for affirmance of the judgment appealed from on the ground that the only evidence that the defendant through his employees had indulged in bad practice referred to is found in the testimony of Dr. Greene as to statements made to him by the deceased that the employees had so instructed him. This evidence was received at the time it was offered over the objection of the defendant. The court limited it to the field of such statements when incorporated in the history the patient gave to his physician, and that such information may not be taken from that field and used to serve another purpose, namely, to be evidence of the truth of the facts contained in the recital.

In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF CHENANGO, NEW YORK, Applying for, on Behalf of and in the Name of the said County of Chenango, N. Y., Appellant, for the Appointment of Three